# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2009

138577 & (87)(89)(90)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

ALEXANDER ACEVAL,
   Defendant-Appellant.

SC: 138577
COA: 279017
Wayne CC: 05-003228-01

_____/

On order of the Court, the application for leave to appeal the February 5, 2009 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal. The motion for bond on appeal is DENIED. The motion for immediate consideration of the motion to compel discovery and expand the record is GRANTED. The motion to compel discovery and expand the record is DENIED.

KELLY, C.J. (*dissenting*).

I would grant leave to appeal to address whether defendant was denied the right to counsel of his choice under *United States v Gonzalez-Lopez*.[1] The trial court removed one of defendant's attorneys of choice on the ground that a conflict existed between the attorneys, and the removed attorney had filed a limited appearance. I would also address whether defendant was deprived of due process such that retrial should be barred. The prosecution acquiesced in the presentation of perjured testimony in order to conceal the identity of a confidential informant.

MARKMAN, J. (*dissenting*).

False testimony was provided in this drug-related criminal prosecution, and the police, the assistant prosecutor, and trial court were apparently aware of this. Defendant's first trial, at which the false testimony was offered, ended in a mistrial. Subsequently, the trial court allowed the prosecutor to initiate a second criminal prosecution, which resulted in a guilty plea. After remand from this Court, the Court of

---

[1] *United States v Gonzalez-Lopez,* 548 US 140 (2006).

Appeals affirmed, and defendant now appeals to this Court. Because this is a remarkable case, I would grant leave to appeal for the exclusive purpose of determining whether, pursuant to the double jeopardy clauses of the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15, a second trial should have been barred.

CAVANAGH, J., joins the statement of MARKMAN, J.

CORRIGAN, J., states as follows:

I am not participating because I may be a witness in a related case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2009

_____
Clerk

p0922